**In re Anonymous No. 15 D.B. 93**

Disciplinary Board Docket no. 15 D.B. 93.

*Hearing Committee,* February 22, 1994—

PROCEDURAL HISTORY

A petition for discipline was filed against respondent, [     ] on March 1, 1993, charging him with professional misconduct in violation of the Rules of Professional Conduct. The petition generally alleges misconduct in the form of sexual harassment directed to a former client, [A]. The petition alleged that the misconduct constituted a violation of Rules 1.7(b) and 8.4(b). Respondent, through counsel, filed an answer on March 22, 1993, denying the allegations of sexual harassment and denying violation of the Rules of Professional Conduct. The matter was referred to this committee. The case proceeded to hearing, and petitioner and respondent presented witnesses and exhibits on June 21, 1993.

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW

(1) Petitioner, Office of Disciplinary Counsel, is charged with the duty to investigate alleged misconduct of attorneys admitted to practice law in Pennsylvania.

(2) Respondent [     ] is an attorney admitted to practice law in Pennsylvania with an office located at [     ].

As such, respondent is subject to the jurisdiction of the Disciplinary Board.

(3) [A] retained respondent on July 24, 1990 to represent her in matrimonial matters. (N.T. 17.)

(4) Respondent did file divorce papers for [A] and requested custody of minor children.

(5) [A] took her children and moved out of the marital residence and in with her boyfriend. (N.T. 91-92, 142.)

(6) [A] agreed on October 22, 1990 to give primary physical custody of her minor children to her husband. (N.T. 47, 51-52.)

(7) [A] believed this arrangement could be modified but was unsuccessful in her later effort to obtain primary physical custody of her minor children. (N.T. 49-51.)

(8) The relationship between [A] and her husband was extremely contentious, involving not only divorce and custody proceedings, but criminal charges being filed against [A]. (N.T. 54-62.) It is unclear from the record if, of the two sets of criminal charges, one or both were related to the matrimonial case for which respondent was retained. The latter charges involved allegations that [A] assaulted her ex-husband.

(9) This committee credits, for purposes of this report, the expert testimony of [B], Esq., that sexual advances by an attorney toward a client would create a conflict of interest in violation of Rule of Professional Misconduct 1.7(b). (N.T. 72-81.)

(10) This committee finds, for purposes of this case, that a *course of conduct* by an attorney toward a client involving unwanted touching and verbal harassment *if proven,* would constitute the summary offenses of harassment under the Pennsylvania Crimes Code. 18 Pa.C.S. §2709. That statute defines harassment as engaging "in a course of conduct or repeatedly commits

acts which alarm or seriously annoy such other person and which serve no legitimate purposes." (18 Pa.C.S. §2709(3).)

(11) The committee also finds that the summary offense of harassment directed toward a client, *if proven,* would reflect adversely on honesty, trust, worthiness, or fitness as a lawyer in violation of Rule of Professional Conduct 8.4(b).

(12) Petitioner bears the burden of proving allegations of professional misconduct by clear and convincing evidence.

(13) Under the circumstances and the facts presented at the hearing by both petitioner and respondent, the committee finds that petitioner has *failed to meet its burden of proving by clear and convincing evidence* that respondent engaged the actions alleged on September 13, 1990, September 19, 1990, and October 17, 1990.

## CONCLUSION AND RECOMMENDED DISPOSITION

The Hearing Committee finds that petitioner has failed to prove by clear and convincing evidence that respondent has engaged in professional misconduct. The committee recommends that the petition for discipline be dismissed.

## ORDER

And now, April 8, 1994, upon consideration of the report and recommendation of Hearing Committee [    ] filed February 22, 1994; it is hereby ordered that the charges against [respondent] docketed at no. 15 D.B. 93, be dismissed.